IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO CRUZ HERNANDEZ, F-11032,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. STAINER, Acting Warden,<br><br>　　　　Respondent.　　　　　　　　　／ | No. C 11-00156 CRB (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

Petitioner Pedro Cruz Hernandez, a state prisoner at the California Correctional Institution in Tehachapi, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Monterey County Superior Court. For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**STATEMENT OF THE CASE**

Petitioner was found guilty of two counts of lewd conduct on a child under the age of 14 after a bench trial. On December 13, 2005, immediately before sentencing, petitioner requested substitute counsel due to his attorney's allegedly inadequate performance. The court denied the request, commonly known as a <u>Marsden</u> motion,[1] and sentenced petitioner to an aggregate term of ten years consisting of the upper term of eight years for the first count and a consecutive subordinate term of two years (one third the middle term) for the second count. Petitioner appealed.

---

[1] Under California law, a trial court must permit a defendant requesting substitute counsel the opportunity to present his reasons for the request, i.e., evidence and arguments to establish denial of the right to counsel. See People v. Marsden, 2 Cal. 3d 118 (1970).

On June 22, 2007, the California Court of Appeal remanded the case to the superior court for further proceedings on whether petitioner's <u>Marsden</u> motion should have been granted. The court of appeal directed that if the superior court found that petitioner had presented a colorable claim of ineffective assistance of counsel, the court was to appoint new counsel to fully investigate and if appropriate present a motion for a new trial based on ineffective assistance of counsel. Alternatively, if the court did not find a colorable claim of ineffective assistance of counsel, the court should proceed to resentence petitioner without considering the victim's age and evidence of planning.

On September 5 and October 17, 2008, the superior court held a hearing on petitioner's <u>Marsden</u> motion. On October 17, 2008, the court denied the motion and, on November 21, 2008, resentenced petition to an aggregate term of eight years consisting of the middle term of six years for the first count and a consecutive subordinate term of two years for the second count.

On April 8, 2010, the California Court of Appeal affirmed the judgment and denied an accompanying petition for a writ of habeas corpus it had agreed to consider with the appeal.

On July 28, 2010, the Supreme Court of California denied review.

On January 11, 2011, petitioner filed the instant federal petition for a writ of habeas corpus. Per order filed on May 11, 2011, this court found that the petition stated a cognizable claim for ineffective assistance of counsel and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer and petitioner has filed a traverse.

**STATEMENT OF THE FACTS**

The California Court of Appeal summarized the facts of the case:

> The evidence adduced at trial showed that in the summer of 2004 appellant and his brother Miguel shared a room in a garage behind the house in which six-year old Jane Doe lived. Family members became concerned about certain behaviors that Jane Doe was exhibiting. Jane Doe testified at trial appellant and Miguel invited her into the garage, laid her on the bed without her clothes, and took off her clothes. When Miguel took a shower, appellant touched her private parts. He touched her with his hands and touched her private part with his tongue. Jane Doe testified that appellant had tattoos, including one of a star near his penis.
>
> Other witnesses testified that appellant had no problems with any of the children living in the house. Appellant testified and denied inviting Jane Doe into the

garage or having any inappropriate contact with her. The parties stipulated that appellant had no tattoos.
   . . . At sentencing, defense counsel noted that appellant maintained his innocence of the charges and observed that the trial court had said that this was a "close case."

Resp't Ex. 17 at 4.

## STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But the writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

3

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because defense counsel failed to hire a psychologist to examine him and present expert testimony that he did not have the personality characteristics of a child molester, as permitted by People v. Stoll, 49 Cal. 3d 1136 (1989).[2] The claim is without merit because the state court's determinations that defense counsel made a reasonable tactical decision not to have a psychological examination conducted on petitioner and that the absence of an examination was not prejudicial cannot be said to be objectively unreasonable.

A.      Federal Law

The Sixth Amendment guarantees the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "counsel's deficient performance prejudiced the defense." Id. at 687-88. Concerning the first element, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Hence, "judicial scrutiny of counsel's performance must be highly deferential." Id. To fulfill the second element, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id.

For a federal court reviewing a habeas petition brought by a state prisoner, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable," which "is different from asking whether defense counsel's performance fell below Strickland's standard." Richter v. Harrington, 131 S. Ct. 770, 785 (2011). "The standards created by Strickland and § 2254(d) are both 'highly deferential' . . . and when the two apply in tandem, review is 'doubly' so."

---

[2] Under California law, a psychological evaluation which concludes that a defendant does not fit the psychological profile of a child molester is admissible as character evidence tending to show that the defendant did not commit the crime. Stoll, 49 Cal. 3d at 1152. Such evaluations are commonly referred to as Stoll evaluations.

4

1  Id. at 788.  The court must ask not "whether counsel's actions were reasonable," but "whether there
2  is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id.
3  B.       State Court Proceedings
4           In the instant case, just before the trial court imposed sentence on December 13, 2005, the
5  trial court asked petitioner if he wanted to address the court.  Petitioner stated, "Your Honor, the
6  proper investigation necessary were never carried out nor was a psychologist sent to see me in order
7  to do an evaluation and no one even wanted to examine the supposed victim, never did a specialist
8  interview her . . . .  I was found guilty without having an attorney who would defend my rights."
9  Resp't Ex. 2 at 1007.
10          Defense counsel responded, "Before the Court imposes sentence, this is the first I heard of
11 this.  It strikes me that what he has indicated in that letter is the basis for what we would call a
12 Marsden motion , motion to removal counsel, and also he's raising issues that he feels is
13 incompetence of counsel.  [¶] And the appropriate . . . procedure at his point, I would ask that the
14 Court would continue sentencing and perhaps either appoint counsel to have him go over some of
15 those issues."  Id. at 1008.  The court denied the motion and sentenced petitioner.
16          At the September 5, 2008 hearing after remand, petitioner told the court that he had asked for
17 a psychological evaluation but his attorney did not allow it.  Trial counsel responded that although
18 she could confirm that petitioner was not sent to a psychologist for an evaluation, she could not
19 recall whether petitioner had asked her for a psychological evaluation.  Trial counsel recalled
20 thinking about having petitioner evaluated and discussing the issue with another attorney in her
21 office, but she could not recall the specifics of that discussion.  The court directed trial counsel "to
22 go back through your notes . . . and we'll get back together."  Resp't Ex. 12 at 637.
23          At the October 17, 2008 hearing, trial counsel stated that, after reviewing her notes and
24 recollection, she was certain that petitioner had never raised the issue "that he wanted to be
25 examined by a psychologist or wanted that part of the case."  Id. at 906.  Trial counsel added that she
26 nonetheless had discussed seeking an evaluation with her supervisor, Mr. Nolte, and had ultimately
27 decided not to pursue an evaluation and had communicated her decision to Mr. Nolte.  But trial
28

5

counsel still could not remember exactly why she decided not to get an evaluation. Petitioner's state habeas counsel, also present at the hearing, asked if there were any tactical reasons for her decision and, after several exchanges between the court and habeas counsel, trial counsel recalled her reasons for her decision not to pursue an evaluation. Trial counsel stated:

> My client's first language was Zapoteco, and we were dealing with Spanish, and . . . I had some real concern, well, as to Spanish, as to how – how he might relate to that in terms of getting, at best we would get a forensic psychologist or psychiatrist who was fluent in Spanish to go through that. If we got a report that we were going to use in some way to put forward, it was certainly likely that then the prosecution could have him examined; there was the possibility of an examination, and I believe that part of my sense of it was that this would be something that would be almost be like a linguistic trap in some way for my client. I believe as best as I can recollect, that was – that my thought at the time, just because of – of interactions with the client.

Id. at 924.

The court found that petitioner never asked trial counsel to have an evaluation and that there was no reason to have granted the Marsden motion at the December 13, 2005 sentencing hearing.

Petitioner appealed again, claiming that the trial court had abused its discretion in denying the Marsden motion and that defense counsel had provided ineffective assistance by failing to hire a psychologist to perform a Stoll evaluation. The California Court of Appeal affirmed the judgment of the trial court and specifically rejected the ineffective assistance of counsel claim that is the subject of the instant federal habeas petition. The court explained:

> Here, while the trial court made an express finding that the defendant had not requested a psychologist, which is not necessarily dispositive of counsel's competence under the circumstances of this case, it seems to the court that the lower court was treating the failure to consult with a psychologist as a tactical decision based on counsel's wish not to expose the defendant to an examination by the psychologist.
>
> At the time of appellant's trial, the California Supreme Court had not decided *Verdin v. Superior Court* (2008) 43 Cal.4th 1096, 77 Cal.Rptr.3d 287, 183 P.3d 1250 (*Verdin*). In *Verdin*, the Supreme Court considered "whether a trial court may order . . . a criminal defendant, to grant access for purposes of a mental examination, not to a court-appointed mental health expert, but to an expert retained by the prosecution." The *Verdin* court concluded that a trial court may not issue such an order. (*Id.* at p. 1100, 77 Cal.Rptr.3d 287, 183 P.3d 1250.) The *Verdin* court began its analysis by concluding that such an examination constitutes "discovery," within the meaning of California's statutes governing discovery in criminal cases, namely, section 1054 et seq. (*Id*. p. 1105, 77 Cal.Rptr.3d 287, 183 P.3d 1250.) The *Verdin* court acknowledged that courts in several cases, including *People v. Danis* (1973) 31 Cal.App.3d 782, 107 Cal.Rptr. 675 (*Danis* ), had held that a trial court may order a

6

> defendant who has placed his mental state at issue to undergo a mental examination conducted by an expert retained by the prosecution. (*Verdin*, *supra*, 43 Cal.4th at p. 1106, 77 Cal.Rptr.3d 287, 183 P.3d 1250.) However, the *Verdin* court stated that *Danis's* reasoning that trial courts possess the "inherent power to order such discovery" is "insupportable following the 1990 enactment of section 1054, subdivision (e), which insists that rules permitting prosecutorial discovery be authorized by the criminal discovery statutes or some other statute, or mandated by the United States Constitution." (*Id.* at p. 1107, 77 Cal.Rptr.3d 287, 183 P.3d 1250.) Thus, the *Verdin* court concluded that *Danis* and its progeny "have not survived the passage of Proposition 115." (*Id.* at pp. 1106-1107, 107 Cal.Rptr. 675.) Furthermore, the *Verdin* court concluded that neither California's criminal discovery statutes, any other statute, nor the United States Constitution authorize a compelled mental examination of a criminal defendant conducted by an expert retained by the prosecution. (*Id.* at p. 1116, 77 Cal.Rptr.3d 287, 183 P.3d 1250.)
>
> Thus, at the time defense counsel made the decision not to have a psychological examination conducted on appellant, it would be reasonable for counsel to believe that by exposing her client to examination and proposing to use the examination at trial, she would be exposing her client to examination by a prosecution expert – something that she determined was not in appellant's best interest.
>
> Thus, we find no abuse of discretion in the trial court's refusal to appoint new counsel to prepare and present a new trial motion. With respect to appellant's concern about the adequacy of defense counsel's representation, the record contains no colorable claim that it was in fact deficient. On this record, appellant did not overcome the first hurdle of demonstrating that counsel did not have a sound tactical reason for not having him examined. Furthermore, appellant did not produce an evaluation that was favorable to him. Thus, even if the trial court had assumed for the sake of argument that counsel's performance was deficient, appellant did not show that a determination more favorable to him might have resulted in the absence of counsel's failings. In short, the trial court elicited and considered appellant's reasons for believing he had been ineffectively represented and properly concluded on this record that appellant had no claim. The trial court did not err in reaching this conclusion.

Resp't Ex. 17 at 12-13.

C.   <u>Analysis</u>

The California Court of Appeal's rejection of petitioner's ineffective assistance of counsel claim was not an objectively unreasonable application of the <u>Strickland</u> standard. <u>See</u> 28 U.S.C. § 2254(d); <u>Richter</u>, 131 S. Ct. at 785. Or, more precisely, the state court's determinations that defense counsel made a reasonable tactical decision not to have a psychological examination conducted on petitioner <u>and</u> that the absence of an examination was not prejudicial, cannot be said to be objectively unreasonable. <u>See</u> <u>id.</u>

The California Court of Appeal determined that defense counsel's decision not to have a <u>Stoll</u> evaluation performed on petitioner was a reasonable tactical decision based on counsel's wish

7

to not expose petitioner to an examination by the prosecution. The court credited defense counsel's statements that because an examination likely would have been conducted in Spanish, and petitioner's Spanish was not strong, she feared that an examination, especially by the prosecution, may present a "linguistic trap" for petitioner. The state court's determination was not objectively unreasonable. Cf. Brodit v. Cambra, 350 F.3d 985, 992-94 (9th Cir. 2003) (state court did not unreasonably apply Strickland standard in rejecting ineffective assistance claim based on counsel's failure to investigate a Stoll evaluation where court credited defense counsel's testimony that he made a tactical decision not to order such a report because he didn't want to risk the prosecution introducing other damaging character evidence). That petitioner's Spanish-speaking ability improved over time does not compel a different result because defense counsel's decision was properly judged by the state court as of the time she was required to act. See Strickland, 446 U.S. at 689.

Petitioner argues that the California Court of Appeal erred in concluding that defense counsel's belief that proposing to use petitioner's examination at trial would expose him to examination by a prosecution expert was reasonable because the prosecution does not have the right to a counter examination. But this court is bound by the California Court of Appeal's determination that the prosecution could require petitioner to submit to an examination prior to the Supreme Court of California's 2008 ruling in Verdin. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (federal habeas court bound by state court's interpretation of its own law). Thus when defense counsel made her decision not to expose petitioner to a possible evaluation by the prosecution, her decision was reasonably based on California law prior to Verdin. Defense counsel was not required to anticipate Verdin or any other later decisions. See Murtishaw v. Woodford, 255 F.3d 926, 949-50 (9th Cir. 2001). Put simply, the state court's determination that defense counsel's concern was valid under then-existing state law was not "so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S. Ct. at 786-87.

In addition, the California Court of Appeal's determination that petitioner did not show prejudice from counsel's failure to obtain a Stoll evaluation was not objectively unreasonable. In the state habeas petition presented along with petitioner's appeal to the California Court of Appeal, petitioner attached a psychological report by Raymond Anderson, Ph. D., who examined him on October 14, 2009 and had petitioner take several standardized tests on December 4, 2009. Dr. Anderson opined that petitioner was not "a pedophilically oriented offender." Resp't Ex. 22 at Ex. B at 4. But Dr. Anderson also conceded that petitioner could "be sexually abnormal and this diagnostic study has failed to detect it," or that petitioner is "normal in his sexual and personal functioning," and "may still have engaged in behavior which is unusual or atypical for him." Id. at Ex. B. at 5. The state court found that the evaluation was not enough to show "that a determination more favorable to [petitioner] might have resulted in the absence of counsel's failings." Resp't Ex. 17 at 13. This was not an objectively unreasonable determination. In view of the non-conclusive nature of the proffered evaluation, the state court reasonably determined that petitioner did not establish that there is a "reasonable probability" that, but for counsel's failure to obtain a Stoll evaluation, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. After all, the trial court acknowledged that the case was a credibility contest and that it simply believed the victim, her sister and her grandmother, and did not believe petitioner. The proffered evaluation does little to undermine confidence in this outcome. See id.

Petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of counsel because the California Court of Appeal's rejection of the claim was not contrary to, or involved an unreasonable application of, the Strickland standard, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would

/

9

1  /

2  /

3  /

4  find the district court's assessment of the constitutional claims debatable or wrong." Slack v.

5  McDaniel, 529 U.S. 473, 484 (2000).

6      The clerk shall enter judgment in favor of respondent and close the file.

7  SO ORDERED.

8  DATED:   Feb. 16, 2012

                                    CHARLES R. BREYER
9                                      United States District Judge

G:\PRO-SE\CRB\HC.11\Hernandez, P1.11-0156.denial.wpd